

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00361-CR

NATHAN SEAN WHEELER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 076428-E-CR, Honorable Douglas R. Woodburn, Presiding

July 25, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In November of 2018, Nathan Sean Wheeler, Appellant, pleaded guilty to the offense of assault on a family or household member.[1]  Because Wheeler had been previously convicted for an offense of assault against a family or household member, the alleged offense was enhanced to a third-degree felony.[2]  The trial court accepted the plea

---

[1] See TEX. PENAL CODE ANN. § 22.01(a).

[2] See TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

bargain and placed Appellant on deferred adjudication community supervision for a period of four years. The trial court modified the terms of Appellant's community supervision on two occasions ordering him to receive drug abuse treatment. In June of 2022, the State filed a motion to proceed with adjudication of guilt, alleging multiple violations of the terms and conditions of Appellant's community supervision.

At a hearing on the motion, Appellant entered a plea of "true" to all of the State's allegations. The trial court admonished Appellant and heard evidence. At the close of the hearing, the trial court determined that Appellant had violated the terms and conditions of his community supervision, adjudicated him guilty of the original offense, and assessed his punishment at three years' confinement. In presenting this appeal, counsel for Appellant has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the *Anders* brief and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Judy C. Parker<br>
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.